No. 06–2497–cv.

United States Court of Appeals,
Second Circuit.

Nov. 16, 2007.

Guy M. MASSI, Plaintiff–Appellee,

v.

Edward FLYNN, individually and as Chief of Police of the Village of Mamaroneck, Sergeant Robert Holland, as a member of the Police Department, Philip Trifiletti, as Mayor of the Village of Mamaroneck, Trustee William J. Paonessa, Trustee Anthony Vozza, Trustee Christie Derrico, Trustee Joseph Angiletta, Village of Mamaroneck, New York, and John O'Reilly, as Village attorney of the Village of Mamaroneck, Defendants–Appellants.

Joseph A. Maria, White Plains, NY, for Plaintiff–Appellee.

Joseph A. Saccomano, Jr., Jackson Lewis LLP, White Plains, NY, for Defendant–Appellant.

PRESENT: Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the denial of summary judgment is AFFIRMED insofar as we have jurisdiction over the district court order. The remainder of the appeal is DISMISSED for lack of jurisdiction and the case is REMANDED to the district court.

Plaintiff Guy Massi ("Massi"), a sergeant in the Police Department of the Village of Mamaroneck ("VMPD"), brought this action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Southern District of New York (Brieant, J.) against Defendants–Appellants alleging, *inter alia,* selective prosecution and unequal treatment in violation of the Fourteenth Amendment. Defendant–Appellant Edward Flynn ("Flynn") appeals from the district court's May 15, 2006 order denying him summary judgment based on qualified immunity. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Our jurisdiction under the collateral order doctrine is limited to whether, as a matter of law, Flynn is entitled to qualified immunity "either because the law was not clearly established or because, on the facts assumed for the purposes of appeal, the defendants' conduct did not constitute a violation of a constitutional right." *Skehan v. Vill. of Mamaroneck,* 465 F.3d 96, 105 (2d Cir.2006). We may not address questions of evidentiary sufficiency. *See Behrens v. Pelletier,* 516 U.S. 299, 313, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996); *Salim v. Proulx,* 93 F.3d 86, 89 (2d Cir.1996).

Flynn argues that, resolving all factual disputes in Massi's favor, Massi did not demonstrate violation of a clearly established constitutional right. An unconstitu-

tional selective treatment claim[1] requires the plaintiff to "show that (1) he was treated differently from other similarly-situated individuals; and (2) the differential treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *Skehan,* 465 F.3d at 110 (citation and internal quotation marks omitted).

■ As to the first requirement, "whether [people] are similarly situated is [generally] a factual issue that should be submitted to the jury." *Harlen Assoc. v. Inc. Vill. of Mineola,* 273 F.3d 494, 499 n. 2 (2d Cir.2001). Massi compares himself to Officer Avolio, a member of the VMPD who was not suspended without pay when he failed to show up for light duty as the result of a medical condition. The district court found that Massi had introduced evidence sufficient to allow a reasonable jury to conclude that Officer Avolio was similarly situated to Massi, and the correctness of that finding is not properly before us on this interlocutory appeal. *See Locurto v. Safir,* 264 F.3d 154, 163 (2d Cir.2001) ("[A] defendant 'may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a "genuine" issue of fact for trial,' since such an order is not truly separable from the merits of the action." (quoting *Johnson v. Jones,* 515 U.S. 304, 314, 319–20, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995))). And although Flynn argues that the Avolio comparison fails as a matter of law, *cf. Skehan,* 465 F.3d at 111 ("We can review ... the purely legal question of whether, on plaintiffs' version

of the facts ..., a jury could conclude as a matter of law that the other officers were similarly situated to plaintiffs."), on review of a denial of qualified immunity we "need not consider the correctness of the plaintiff's version of the facts, nor even determine whether the plaintiff's allegations actually state a claim." *Mitchell v. Forsyth,* 472 U.S. 511, 528, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). Instead, we ask only "whether the facts alleged ... support a claim of violation of clearly established law." *Id.* at 528 n. 9, 105 S.Ct. 2806. Given the district court's finding of a genuine issue of fact in this regard—a finding not subject to our review at this time—we cannot say that Massi has failed to allege that he was treated differently from another officer who was similar enough to Massi to "support a claim of violation of clearly established law."

■ The second requirement of Massi's selective treatment claim is that the differential treatment was a result of malicious or bad faith intent to injure him. Unlike in *Bizzarro v. Miranda,* 394 F.3d 82 (2d Cir.2005), Massi has not conceded the valid objective of Chief Flynn's actions, but instead has pointed to facts from which the district court held a reasonable juror could infer malice or ill-will. Flynn's assertion of a different motivation—that he suspended Massi for violating several departmental orders—is simply an attempt to attack the district court's finding of material facts in dispute regarding the element of malice. We have no jurisdiction to review or override the district court's conclusion about the sufficiency of the evidence that Massi provided to demonstrate malice.[2] *See Ske-*

---

1. Because qualified immunity was not raised as a defense to Massi's due process claim or addressed below, we do not reach it here.

2. Flynn's assertion that the district court erroneously focused on evidence of subjective in-

tent when conducting the qualified immunity inquiry is misplaced. Subjective intent is an element of the constitutional violation that Massi alleged, and the district court's inquiry centered on whether there was a genuine factual dispute about that alleged constitu-

*han,* 465 F.3d at 107 ("[B]ecause the plaintiffs allege that Flynn's motivation was unconstitutional and the district court found the issue to be undisputed, we must accept the plaintiffs' version of the facts."). Resolving all factual disputes that the district court found in Massi's favor, as we must at this stage, Massi has therefore alleged conduct that amounts to a violation of his constitutional right to be free from malicious selective treatment.

■ Finally, there can be no dispute that, at the time of Flynn's conduct, this constitutional right was clearly established such that an objectively reasonable officer would know such selective treatment to be unlawful, *see LeClair v. Saunders,* 627 F.2d 606, 609–10 (2d Cir.1980); *Harlen Assocs.,* 273 F.3d at 500–03, and Flynn was therefore properly denied qualified immunity.

■ We decline to exercise pendent appellate jurisdiction over the issues that the remaining defendants present, as they are neither "inextricably intertwined" with nor "necessary to ensure meaningful review" of Flynn's claim to qualified immunity. *See Britt v. Garcia,* 457 F.3d 264, 273 (2d Cir.2006) (internal quotation marks omitted).

For the foregoing reasons, we AFFIRM the denial of summary judgment for those questions of law over which we have jurisdiction. We DISMISS the remainder of the appeal for lack of jurisdiction and REMAND the case to the district court.

tional violation. *See Crawford–El v. Britton,* 523 U.S. 574, 588–89, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998) (holding that "although evidence of improper motive is irrelevant on the issue of qualified immunity, it may be an essential component of the plaintiff's affirmative case," when "an essential element of [the] constitutional claim[ ] is a charge that the defendant's conduct was improperly motivated").