13-2409
Bush v. Brooks

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand fourteen.

PRESENT:
> ROBERT A. KATZMANN,
> > *Chief Judge*,
> ROBERT D. SACK,
> > *Circuit Judge*,
> EDGARDO RAMOS,
> > *District Judge*.[*]

_____

NICOLE BUSH, as Administrator of the Estate of Bruce A. Bush, MICHELE L. CRANE, as Administrator of the Estate of Douglas K. Crane, CONNIE DRAKE, Individually as Surviving Spouse and as Administrator of the Goods, Chattels and Credits of Glenard W. Drake, Jr., SHARON MARIE HAMILTON, as Guardian of the Infants of Terry Singh and as Proposed Administrator of the Estate of Terry Singh,

> *Plaintiffs-Appellees*,

_____

[*] The Honorable Edgardo Ramos, of the United States District Court for the Southern District of New York, sitting by designation.

v.                                        No. 13-2409

CITY OF UTICA, NEW YORK, CITY OF UTICA
FIRE DEPARTMENT,

                    *Defendants,*

RUSSELL BROOKS, Chief of City of Utica Fire
Department, in his Official and Individual Capacity,

                    *Defendant-Appellant.*[**]

_____

For Defendant-Appellant Russell Brooks:    JOHN P. ORILIO, First Assistant Corporation Counsel
                                           (Zachary C. Oren, Assistant Corporation Counsel,
                                           *on the brief*), City of Utica Law Department, Utica,
                                           NY.

For Plaintiffs-Appellees:                  JOHN J. DOWD, Dreyer Boyajian LLP, Albany, NY.

Appeal from a memorandum decision and order denying defendant-appellant Brooks's

defense of qualified immunity filed on June 4, 2013, in the United States District Court for the

Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND**

**DECREED** that the order of the district court denying Brooks's defense of qualified immunity

be and is hereby **AFFIRMED**.

Defendant-appellant Russell Brooks appeals a memorandum decision and order entered

by the United States District Court for the Northern District of New York (Hurd, *J.*). The order

granted in part and denied in part the defendants' motion to dismiss the complaint. In its partial

denial of the motion, the district court rejected Brooks's claim that he was entitled to qualified

_____

[**] The Clerk of the Court is directed to amend the official caption of this case to conform
to the above.

2

immunity. Brooks appeals that portion of the district court's decision. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"Generally, a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable final decision within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Tierney v. Davidson*, 133 F.3d 189, 194 (2d Cir. 1998) (internal quotation marks omitted). And "[w]here the nonexistence of a constitutional right may be discerned from the face of the complaint, an official defendant sued in his individual capacity may be granted a dismissal on the ground of qualified immunity pursuant to Rule 12(b)(6), a decision that we review *de novo*, accepting as true all material allegations of the complaint, and drawing all reasonable inferences in favor of the plaintiff." *Vincent v. Yelich*, 718 F.3d 157, 167 (2d Cir. 2013). Applying those standards here, we affirm the decision of the district court to reject Brooks's claim that he is entitled to qualified immunity.

"Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). It is well-settled that we approach the qualified immunity inquiry by way of a two-part analysis: first, we ask whether the plaintiff has made out a violation of a constitutional right; and second, we ask whether that right was "clearly established" at the time of the alleged misconduct. *Id.* at 232; *accord Matusick v. Erie Cnty. Water Auth.*, --- F.3d ---, 2014 WL 700718, at *18 (2d Cir. Feb. 25, 2014). We discuss each prong of the qualified immunity inquiry in turn.

3

As to the first prong, the plaintiffs allege that Brooks violated the decedents' right to equal protection of the laws, a right guaranteed by the Fourteenth Amendment to the Constitution. Their complaint alleges that on September 20, 2009, a building located at 102 James Street in Utica, New York, was engulfed in fire. Brooks, who was Fire Chief of the City of Utica Fire Department, arrived at the scene, whereupon he informed bystanders that "he was not going to risk the lives of any members of the Department for individuals who resided on James Street." App. 19. The complaint further alleges that the fire department "adhered to a 'don't go in policy' for all fires which took place at low-income properties located in the City of Utica." *Id.* at 22.

This Court has recognized that the Equal Protection Clause may be violated by selective enforcement or selective adverse treatment. To state such a claim, a plaintiff must allege (1) that he or she was treated differently from other similarly situated individuals, and (2) that the "treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." *LeClair v. Saunders*, 627 F.2d 606, 609–10 (2d Cir. 1980); *see also Bizzarro v. Miranda*, 394 F.3d 82, 86 (2d Cir. 2005); *Harlen Assocs. v. Inc. Vill. of Mineola*, 273 F.3d 494, 499 (2d Cir. 2001). Applying these standards, we find ourselves in complete agreement with the district court that the complaint adequately alleges that the decedents were treated differently from similarly situated persons who did not reside on "James Street," and that the complaint "specifically claims that defendants purposely and maliciously withheld protective services from decedents because they lived in a low-income neighborhood." App. 62.

4

To the extent that the complaint alleges that both Brooks's decision not to send his firefighters into the burning building and the fire department's "don't go in policy" impermissibly treated the decedents differently because they are persons of low socio-economic status, we reject the plaintiffs' contention that the alleged classification demands an elevated form of scrutiny. *See San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 27–28 (1973); *see also Maher v. Roe*, 432 U.S. 464, 471 (1977) ("[T]his Court has never held that financial need alone identifies a suspect class for purposes of equal protection analysis."). Nevertheless, the alleged classification "must be rationally related to a legitimate governmental purpose" to survive an equal protection challenge. *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 446 (1985); *see also Romer v. Evans*, 517 U.S. 620, 631 (1996). Taking as true the well-pleaded allegations contained in the complaint, we discern no rational basis for the fire department's alleged policy, reflected in Brooks's alleged statement, of withholding protective services from the decedents because they lived in a low-income neighborhood.

Thus, we conclude that the plaintiffs' equal protection claim is adequately pleaded. Like the district court, we express no view as to whether qualified immunity may be appropriate after the record is more fully developed.

As to the second prong, Brooks focuses on language we used thirty years ago in *LeClair*, which described the selective treatment aspect of our equal protection jurisprudence as "murky," 627 F.2d at 608, to contend that the right the plaintiffs assert is not clearly established. Brooks does not contend that any subsequent decision by this Court or the Supreme Court has altered the elements of the claim elaborated in *LeClair*. We have, however, repeatedly discussed the *LeClair* standard in the thirty years since we described the issue as "murky." *See, e.g.*, *Bizzarro*, 394 F.3d

5

at 86; *Harlen Assocs.*, 273 F.3d at 500. Indeed, one panel of our Court has described the equal protection claim for selective treatment that we elaborated in *LeClair* as "clearly established." *See Massi v. Flynn*, 254 F. App'x 84, 87 (2d Cir. 2007) (summary order) (citing *LeClair* and *Harlen Assocs.*). Brooks has offered no further reason to depart from our prior assessment of the continuing vitality of *LeClair* and our assessment that the selective-treatment equal protection claim described in *LeClair* is clearly established. And there can be no serious contention that the "rational basis" standard for scrutinizing government action based on non-suspect classifications is not equally well established. *See, e.g.*, *Weber v. Aetna Cas. & Sur. Co.*, 406 U.S. 164, 172 (1972). We therefore conclude that Brooks is not entitled to qualified immunity at this stage of the case.

We have considered the appellant's remaining arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the denial of Brooks's motion to dismiss on the ground of qualified immunity, the only question of law over which we presently have jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6